UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD WILCOX,

    Plaintiff,

vs.                                                                           Case No. 11-11349

CITY OF SOUTHFIELD, et al,                      HON. AVERN COHN

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 11)

### I.

On March 31, 2011, plaintiff, proceeding pro se, filed a complaint naming the following defendants: the City of Southfield, Brenda Lawrence, Joseph E. Thomas, Jr., Southfield Police Department, Northland Towers Associates Limited Partnership, Blake Metatall, Ryan Losh, Andrew Snarey, David McCormick, Jason Schmeider, and Lawrence Porter. The complaint, in broad terms, claimed violations of his civil rights under 42 U.S.C. § 1983.

Plaintiff initially paid the $350.00 filing fee. Plaintiff subsequently applied for permission to proceed without payment of the fee. (Doc. 3). The Court granted the application and returned the filing fee to plaintiff. (Doc. 4).

Plaintiff took no other action regarding his complaint. Accordingly, on September 15, 2011, the Court dismissed the case. (Doc. 8). The order of dismissal was mailed to the address of record. It was not returned as undeliverable. Plaintiff took no action

immediately following the dismissal.

Almost a year later, on September 10, 2012, plaintiff a motion to reopen his case. (Doc. 9). In the motion, plaintiff stated that there was a mistake in the address he provided to the Court and therefore asked that his case be reopened. The Court denied the motion on the grounds that plaintiff had not shown good cause for reopening. The Court also stated that "[s]hould plaintiff wish to pursue his claims, he must file a new complaint." (Doc. 10).

Before the Court is plaintiff's motion for reconsideration of the order denying his motion to reopen. (Doc. 11). For the reasons that follow, the motion is DENIED.

II.

E.D. Mich LR 7.1(h) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court*s discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

III.

Plaintiff has not satisfied the standard for reconsideration. As indicated in the order denying his motion to reopen, it was plaintiff's obligation to provide the Court with a correct address. It is also plaintiff's obligation to provide the Court with the addresses for defendants for service. Plaintiff's failure to do so and failure to take any action for almost a year after the case was dismissed, does not warrant the extraordinary remedy

of reopening his case.  Again, if plaintiff wishes to pursue his claims, he must a file new complaint.

    SO ORDERED.

                                 S/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE

Dated:  September 19, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 19, 2012, by electronic and/or ordinary mail.

                                 S/Julie Owens
                                 Case Manager, (313) 234-5160