**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EDWARD WILCOX,**

       **Plaintiff,**          **CIVIL ACTION NO. 11-CV-11349**

  **vs.**                     **DISTRICT JUDGE AVERN COHN**

                            **MAGISTRATE JUDGE MONA K. MAJZOUB**

**CITY OF SOUTHFIELD et al.,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Edward Wilcox filed this pro se action under 42 U.S.C. §§ 1983 and 1985 alleging violations of the Supremacy Clause and the 4th, 5th, 8th, and 14th Amendments of the U.S. Constitution against the City of Southfield (Southfield); Southfield Mayor Brenda Lawrence; the Southfield Police Department (Southfield PD); Southfield Police Chief Joseph E. Thomas, Jr.; and Southfield Police Officers Blake Metatall, Ryan Losh, Andrew Snarey, David McCormick, Jason Schmeider, and Lawrence Porter (the "Government Defendants") and Northland Towers Associated Limited Partnership (Northland). (Docket no. 1.) Plaintiff seeks a total of $1,400,000.00 in compensatory damages and $50,000 in exemplary damages from each Defendant. (*See id.* at 8-13.) Before the Court are the Government Defendants' Motion to Dismiss (docket no. 28) and

1

Northland's Motion for Judgment as a Matter of Law[1] (docket no. 44).[2] Despite having more than six months to respond to the Government Defendants and more than two months to respond to Northland, Plaintiff has not filed a Response to either Motion. The Motions have been referred to the undersigned for consideration. (Docket no. 25.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

I. **Recommendation**

For the reasons that follow, the undersigned recommends granting Defendants' Motions to Dismiss (docket nos. 28 and 44). The Court should also deny Plaintiff's Motions (docket nos. 38, 39, and 40) as moot. This matter should be dismissed in its entirety.

II. **Report**

   A. **Facts**

The allegations contained in Plaintiff's Complaint are sparse at best.[3] (*See* docket no. 1.)

---

[1]Although titled Defendant's Motion for Judgment as a Matter of Law, Northland seeks relief in the form of a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (*See* docket no. 44 at 11-12.)

[2]Also pending in this matter are Plaintiff's Motion of Evidence (docket no. 38), Motion of Evidence Part Two (docket no. 39), and Motion of Evidence (docket no. 40). Because the undersigned recommends dismissing this matter in its entirety on Defendants' Motions, Plaintiff's Motions are moot.

[3]Because the instant Motions are Motions to Dismiss under Rule 12(b)(6), the Court can only consider the facts and legal claims set forth in Plaintiff's Complaint and any documents attached to or referenced in the Complaint. *See Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir.2011) (noting that "Rule 12(b)(6) scrutiny is limited to the pleadings . . . [,] exhibits attached to the complaint, [and] exhibits attached to defendants' motion to dismiss that are referred to in the complaint"). Thus, for purposes of context only, the undersigned has included in this section some of the facts set forth in various documents attached to Plaintiff's Motions of Evidence.

At about 2:00 p.m. on April 1, 2009, Plaintiff was traveling westbound on Northland Drive near Northwestern in Southfield, Michigan. (*See* docket no. 38 at 10.) While there is a dispute regarding how Plaintiff initially came into contact with officers (*compare* docket no. 38 at 10, *with* docket no. 38 at 27), at some point, Plaintiff pulled into the parking lot at Northland Towers, at which time Defendants Losh and Matatall blocked him into a parking spot. (Docket no. 38 at 27, 38.) Plaintiff alleges that after officers approached his car, they pulled him out of the car to beat him. (*Id.* at 27-28.) Specifically, he claims that defendant officers used "Taser Guns, Police Batons, Steel Toe Boots and their Riot Gear to maliciously inflict physical injuries and harm on Plaintiff . . . [to his] face, head, back, legs, arms, stomach and person." (Docket no. 1 at 6.) And he alleges that this beating resulted in "Head Injuries, Back Injuries, seizures, anxiety, Brain trauma, orthopedic, psychological, depression, anxiety, delusionary, psychiatric problems; pain and suffering and a fractured Cervical Vertebrae that forced this Plaintiff to have vertebral cervical disc myelopathy surgery." (*Id.* at 7.)

Plaintiff contends that Defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights and the Supremacy Clause of the US Constitution when he was "physically assaulted and beaten shot (sic) with Taser guns unmercifully." (*Id.* at 8-12.) Additionally, Plaintiff claims that Defendant Northland is liable for damages under a premises-liability theory "because this Plaintiff was physically injured at [Northland Towers, which] is private property." (*Id.* at 12-13.)

### B. Standard of review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to

the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

**C.  Analysis**

As an initial matter, the Court notes that "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers' and should therefore be liberally construed."

*Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (emphasis removed, citation omitted). It is through this prism that the Court views Plaintiff's Complaint.

### 1. Plaintiff's Claims against Northland

In Michigan, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm *caused by a dangerous condition on the land*." *Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 519, 629 N.W.2d 384 (2001) (emphasis added). To sustain a premises liability action, "[the] plaintiff must show either that an employee of [the defendant] caused the unsafe condition or that a servant of [the defendant] knew or should have known that the unsafe condition existed." *Whitmore v. Sears, Roebuck & Co.*, 89 Mich.App. 3, 8, 279 N.W.2d 318 (1979). Plaintiff does not allege that his injuries were "caused by a dangerous condition on the land" at Northland Towers or that Northland or any of its employees, servants, or agents had any knowledge of the police activity taking place when the officers pulled in the parking lot behind Plaintiff. Plaintiff's claim is based entirely on the mere fact that Northland owns the parking lot where the officers effectuated their stop. Such an allegation is insufficient to state a claim for premises liability. Therefore, Plaintiff's claims against Northland should be dismissed.

### 2. Plaintiff's Claims Against Defendant Lawrence

To state a claim against an individual for monetary damages under § 1983, a plaintiff must allege some specific personal wrongdoing on the part of each individual defendant. Section 1983 liability may not be predicated upon theories of vicarious liability or respondeat superior. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). Further, claims of supervisory liability will suffice only if the plaintiff alleges and shows that the supervisor personally engaged in or otherwise "authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Id.* (liability of

supervisory personnel must be based on more than the mere right to control employees).

While Plaintiff has included Southfield Mayor Lawrence as a Defendant in this matter and notes that she is, in fact, the Mayor of the City of Southfield, Plaintiff does not reference her with regard to any alleged unconstitutional conduct. (*See* docket no. 1.) At most, Plaintiff appears to have included her as a defendant simply because she is the Mayor. Because the Court can find no reference to any alleged acts committed by Defendant Lawrence let alone any allegation that she "authorized, approved, or knowingly acquiesced in the unconstitutional conduct," Plaintiff's claims against Defendant Lawrence should be dismissed.

### 3. Plaintiff's Claims Against the Government Defendants in Their Official Capacities

The Eleventh Amendment bars "all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," provided the state has not waived its immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (citations omitted). As Defendants note, "[n]either Congress nor the state has waived this jurisdictional immunity with respect to claims brought under 42 U.S.C. §1981, *McCormick v. Miami Univ.*, 693 F.3d 654 (6th Cir. Sept. 10, 2012) (holding that Eleventh Amendment immunity bars 18 U.S.C. §1981 claims brought against the State and State officials in their official capacity), 42 U.S.C. § 1983, *Colvin v. Caruso, et al*, 605 F.3d 282, 289-90 (6th Cir. 2010) (same, for 18 U.S.C. §1983 claims), or the Elliot Larsen Civil Rights Act, *McCormick*, 693 F.3d at 664 ('McCormick's state law claims against [the State and State officials] in their official capacities are barred by the Eleventh Amendment . . . . The federal courts are simply not open to such state law challenges to official state action . . . .')." (Docket no. 5 at 9-10.) Additionally, "individuals sued in their official capacities

6

stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citations omitted). Thus, "a suit for monetary damages against an individual in his or her official capacity is deemed to be an action against the state." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir.2004) (citation omitted).

Plaintiff has not named any of the individual defendants in their individual capacities. To the contrary, as Defendants note, Plaintiff states that his claims against the Government Defendants are in their "official capacity" as a "public official" (docket no. 1 ¶6) or as "police officers" (*id.* ¶¶ 7, 10, 11, 12, 13, 14, and 15) "acting in their official capacity" (*id.* ¶17). Therefore, Plaintiff's claims against Defendants Thomas, Jr.; Metatall; Losh; Snarey; McCormick; Schmeider; and Porter should be dismissed.

### 4. Plaintiff's Claims Against the Southfield Police Department

"A municipal police department is not a separate municipality from the city it serves;" thus, any claims filed against a city police department are filed "against the city itself, because the city is the real party in interest." *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992 (6th Cir. 1994) at n.1. Thus, the Southfield PD is not a proper Defendant in this matter and should be dismissed. *See McKissick-Johnson v. Detroit Police Dept.*, No. 13-13309, 2013 WL 5177975, at 1 (E.D. Mich. Sept. 12, 2013); *Zueski v. Michigan State Police*, No. 07-10245, 2008 WL 2357009, at 1 (E.D. Mich. June 6, 2008).

### 5. Plaintiff's Claims Against the City of Southfield

#### a. Plaintiff's Supremacy Clause Claim

As Defendants note, Plaintiff makes a passing reference to "the Supremacy Clause of the U.S. Constitution-Article VI Section #2" in his Complaint. (*See* docket no. 1 ¶ 18.) But "[a] claim

premised solely on Supremacy Clause preemption 'is not cognizable under 42 U.S.C. § 1983.'" *Baskin v. Bath Tp. Bd. of Zoning Appeals*, 01 F.3d 702, *5 (Table) (6th Cir. 1996) (quoting *Gustafson v. City of Lake Angelus*, 76 F.3d 778, 792 (6th Cir. 1996)); *accord NHEMA v. Face*, 322 F.3d 802, 803 (4th Cir. 2003) (holding that "the Supremacy Clause is not a source of substantive individual rights"); *Mashpee Tribe v. Watt*, 542 F.Supp. 797, 806 (D. Mass. 1982) ("The Supremacy Clause does not support direct causes of action . . . . It only gives priority to federal rights created by a federal statute when they conflict with state law."); *cf. Whittman v. Virginia*, 2002 WL 32348410, *5 (E.D. Va. Nov.4, 2002) ("[T]he Supremacy Clause provides neither an implied nor an express private right of action. Moreover, the Supremacy Clause does not guarantee any federal constitutional rights and so it may not be vindicated by a private plaintiff in an action brought under 42 U.S.C. § 1983.") (citation omitted). Therefore, Plaintiff's claims under the Supremacy Clause should be dismissed.

### b. Plaintiff's Fifth, Eighth, and Fourteenth Amendment Claims

As discussed, Plaintiff's claims arise out of an alleged beating by the Government Defendants during a traffic stop. (*See* docket no. 1.) As Defendant asserts, "*all* claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 395, (1989) (emphasis in original). Thus, as the Sixth Circuit has held, "[a]n excessive use of force claim arising out of an arrest must be analyzed under the Fourth Amendment, rather than the Fifth or Fourteenth Amendments . . . . [and] the Eighth Amendment is not implicated by alleged misconduct that occurs prior to conviction." *Conley v. City of Lorain*, No. 98-4351, 1999 WL 1021650, 198 F.3d 244 (6th Cir. 1999). Therefore, Plaintiff's

claims under the Fifth, Eighth, and Fourteenth Amendments should be dismissed.

### c. Plaintiff's Fourth Amendment Claims

To state a claim against a municipal entity under § 1983, a plaintiff must allege that his injury was caused by an unconstitutional policy or custom of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[A] 'custom' is a legal institution that is permanent and established, but is not authorized by written law." *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993) (citing *Monell*, 436 U.S. at 691). A § 1983 plaintiff may establish the existence of a custom by showing that policymaking officials knew about and acquiesced in the practice at issue. *Memphis, Tenn. Area Local. Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004). Plaintiff has not made any direct allegations against the City of Southfield or the Southfield PD (to the extent that it stands in the shoes of the City). Thus, he has not alleged that his injury was caused by any policy or custom of the city or that any policymaking official in the city knew about or acquiesced in any alleged unconstitutional practice. Therefore, Plaintiff has failed to state a claim against the City of Southfield.

### D. Conclusion

For the above-stated reasons, the Court recommends granting Defendants' Motions to Dismiss (docket nos. 28 and 45). Therefore, the Court recommends dismissing this case in its entirety.

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 23, 2014                              s/ Mona K. Majzoub
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record and Plaintiff Edward Wilcox on this date.

Dated: June 23, 2014                              s/ Lisa C. Bartlett
                                                  Case Manager

10