UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD WILCOX,

    Plaintiff,

v.    Case No. 11-11349

CITY OF SOUTHFIELD, SOUTHFIELD    HON. AVERN COHN
MAYOR BRENDA LAWRENCE,
SOUTHFIELD POLICE DEPARTMENT,
SOUTHFIELD POLICE CHIEF JOSEPH
E. THOMAS, JR., SOUTHFIELD POLICE
OFFICERS BLAKE METATALL, RYAN LOSH,
ANDREW SNAREY, DAVID McCORMICK,
JASON SCHMEIDER, and LAWRENCE
PORTER, and NORTHLAND TOWERS
ASSOCIATED LIMITED PARTNERSHIP,

    Defendants.

_____/

## MEMORANDUM AND ORDER
## ADOPTING REPORT AND RECOMMENDATION (Doc. 47)
## AND GRANTING DEFENDANTS' DISPOSITIVE MOTIONS (Docs. 28, 44)
## AND DENYING PLAINTIFF'S MOTIONS AS MOOT (Docs. 38, 39, 40)
## AND
## DISMISSING CASE

I.

This is a civil rights case. Plaintiff Edward Wilcox filed a pro se complaint under 42 U.S.C. §§ 1983 and 1985, claiming violations of the Supremacy Clause and the 4th, 5th, 8th, and 14th Amendments of the U.S. Constitution against the City of Southfield; Southfield Mayor Brenda Lawrence; the Southfield Police Department; Southfield Police Chief Joseph E. Thomas, Jr.; and Southfield Police Officers Blake Metatall, Ryan Losh, Andrew Snarey, David McCormick, Jason Schmeider, and Lawrence Porter (the

"Southfield Defendants") and Northland Towers Associated Limited Partnership (Northland). Plaintiff seeks a total of $1,400,000.00 in compensatory damages and $50,000 in exemplary damages from each defendant.[1] The matter was referred to a magistrate judge, before whom the Southfield Defendants filed a motion to dismiss (Doc. 28) and Northland filed a motion for judgment as a matter of law (Doc. 44).[2] Plaintiff filed a "Motion of Evidence" (Doc. 38), "Motion of Evidence Part Two" (Doc. 39) and a "Motion of Evidence asking the Honorable Court for permission to file DVD tape the Traditional Way" (Doc. 40).

The magistrate judge issued a report and recommendation (MJRR), recommending that defendants' motions be granted and plaintiff's motions be denied as moot. Neither party has objected to the MJRR and the time for filing objections has passed.

II.

The failure to file objections to the MJRR waives any further right to appeal. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the MJRR releases the Court from its duty to

---

[1]The complaint was initially dismissed in 2011 for failure to prosecute after mail sent to plaintiff was returned and plaintiff took no other action in the case. (Doc. 8). A year later, plaintiff moved to reopen the case on the grounds that he had provided an incorrect address. The Court denied the motion. (Doc. 10). The Court of Appeals for the Sixth Circuit vacated and remanded, concluding that plaintiff was entitled to have his case reopened. The Sixth Circuit, however, did not make a determination as to the merits of plaintiff's claims, noting only that the allegations in the complaint were not "frivolous or utterly lacking in merit," presumably indicating that the complaint was not likely subject to sua sponte dismissal under 28 U.S.C. § 1915(e).

[2]As the magistrate judge noted, Northland's motion seeks relief under Fed. R. Civ. P. 12(b)(6).

2

independently review the motions.  Thomas v. Arn, 474 U.S. 140, 149 (1985).  However, the Court has reviewed the MJRR and agrees with the magistrate judge's analysis and conclusion.  The Court also notes that although plaintiff had six months to respond to the Southfield Defendants motion and more than two months to respond to Northland's motion, plaintiff did not file a response to either motion.[3]

III.

Accordingly, for the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court.  Defendants' motions are GRANTED.  Plaintiff's motions are DENIED AS MOOT.  This case is DISMISSED.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: August 7, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 7, 2014, by electronic and/or ordinary mail.

        S/Sakne Chami
        Case Manager, (313) 234-5160

---

[3] The Southfield Defendants' motion was filed on December 6, 2013.  Northland's motion was filed on March 18, 2014.  The MJRR was filed on June 23, 2014.  Although plaintiff did not file responses to defendants' motions, he has taken other action in the case.  This includes filing three motions for evidence, all in February of 2014.  Plaintiff also took an appeal to the Sixth Circuit from the magistrate judge's February 24, 2014 order denying his motion for appointment of counsel.  The Sixth Circuit dismissed the appeal on April 10, 2014 on the grounds that the order is not immediately appealable.  Thus, it cannot be said that plaintiff is unaware of the progress of the case.