UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD WILCOX,

    Plaintiff,

v.                                                    Case No. 11-11349

CITY OF SOUTHFIELD, SOUTHFIELD          HON. AVERN COHN
MAYOR BRENDA LAWRENCE,
SOUTHFIELD POLICE DEPARTMENT,
SOUTHFIELD POLICE CHIEF JOSEPH
E. THOMAS, JR., SOUTHFIELD POLICE
OFFICERS BLAKE METATALL, RYAN LOSH,
ANDREW SNAREY, DAVID McCORMICK,
JASON SCHMEIDER, and LAWRENCE
PORTER, and NORTHLAND TOWERS
ASSOCIATED LIMITED PARTNERSHIP,

    Defendants.

_____/

## MEMORANDUM AND ORDER
## DENYING PLAINTIFF'S MOTION TO REINSTATE COMPLAINT (Doc. 55)

I.

This is a civil rights case. Plaintiff Edward Wilcox filed a pro se complaint under 42 U.S.C. §§ 1983 and 1985, claiming violations of the Supremacy Clause and the 4th, 5th, 8th, and 14th Amendments of the U.S. Constitution against the City of Southfield; Southfield Mayor Brenda Lawrence; the Southfield Police Department; Southfield Police Chief Joseph E. Thomas, Jr.; and Southfield Police Officers Blake Metatall, Ryan Losh, Andrew Snarey, David McCormick, Jason Schmeider, and Lawrence Porter (the "Southfield Defendants") and Northland Towers Associated Limited Partnership (Northland). Plaintiff sought a total of $1,400,000.00 in compensatory damages and

$50,000 in exemplary damages from each defendant.[1] The matter was referred to a magistrate judge, before whom the Southfield Defendants filed a motion to dismiss (Doc. 28) and Northland filed a motion for judgment as a matter of law (Doc. 44).[2] Plaintiff filed a "Motion of Evidence" (Doc. 38), "Motion of Evidence Part Two" (Doc. 39) and a "Motion of Evidence asking the Honorable Court for permission to file DVD tape the Traditional Way" (Doc. 40).

The magistrate judge issued a report and recommendation (MJRR) which analyzed the arguments presented in the motions. The magistrate judge recommend that defendants' motions be granted and plaintiff's motions be denied as moot. (Doc. 47). Neither party objected to the MJRR. Accordingly, after the time for filing objection had passed, the Court adopted the MJRR, granted defendants' motions, denied plaintiffs' motions, and dismissed the case. (Doc. 48). Thereafter, plaintiff filed two motions for an extension of time in which to file a motion for reconsideration. (Docs. 50, 52). The Court granted both motions, eventually permitting plaintiff to file a motion for

---

[1]The complaint was initially dismissed in 2011 for failure to prosecute after the Court's orders granting him permission to proceed in forma pauperis and directing plaintiff to provide the Court with the addresses of defendants and summonses in order to effectuate service correspondence in the case were returned as undeliverable and plaintiff took no other action in the case. See Docs. 6, 7, 8. A year later, plaintiff moved to reopen the case on the grounds that he had provided an incorrect address. The Court denied the motion. (Doc. 10). The Court of Appeals for the Sixth Circuit vacated and remanded, concluding that plaintiff was entitled to have his case reopened. The Sixth Circuit, however, did not make a determination as to the merits of plaintiff's claims, noting only that the allegations in the complaint were not "frivolous or utterly lacking in merit," presumably indicating that the complaint was not likely subject to sua sponte dismissal under 28 U.S.C. § 1915(e).

[2]As the magistrate judge noted, Northland's motion sought relief under Fed. R. Civ. P. 12(b)(6).

reconsideration over two months after the case was dismissed.  (Docs. 51, 53).

Plaintiff thereafter filed the instant motion to reinstate his complaint (Doc. 55) which the Court construes the motion as a motion for reconsideration.  Defendants filed responses.  (Doc. 56, 57).  For the reasons that follow, plaintiff's motion is DENIED.

II.

Motions for reconsideration are governed by E.D. Mich LR 7.1(h)(3), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  Czajkowski v. Tindall & Associates, P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997).  A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain.  Witzke v. Hiller, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Plaintiff has not satisfied this standard.  Plaintiff's motion is premised on the allegation that defendants[3] improperly served their motion to dismiss on him using first class mail.  He says this defect violates his right to due process.  Notably, plaintiff does not present any arguments as to the merits of his claims or argue that the magistrate

---

[3]As Northland points out, plaintiff's motion does not mention Northland or indicate that he did not receive Northland's motion to dismiss.

judge's analysis and recommendations as adopted by the Court were in error.

As the Southfield Defendants point out, Fed. R. Civ. P. 5(b)(2)(C) provides that a motion may be served on a party through the mail. Moreover, it is well established that service thought the mail does not violate due process. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). Moreover, as explained in defendants' response (Doc. 56), defendants served their motion on plaintiff at the same address he has used for his recent filings. Plaintiff has therefore failed to show a defect that would warrant reconsideration.

SO ORDERED.

      S/Avern Cohn  
      AVERN COHN  
      UNITED STATES DISTRICT JUDGE

Dated:  April 23, 2015  
      Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 23, 2015, by electronic and/or ordinary mail.

      S/Sakne Chami  
      Case Manager, (313) 234-5160